IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

JAMES PHILLIP TREADWAY,    )
                           )
            Plaintiff,     )
                           )
      v.                   )    No. 06-4043-CV-C-SOW
                           )
BILL ABBOTT, et al.,       )
                           )
            Defendants.    )

### REPORT, RECOMMENDATION AND ORDER

Plaintiff James Phillip Treadway, while an inmate confined in the Miller County Jail,[1] brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1. Named as defendants are Bill Abbott, David Whittle, Eugene Honeywell, Mickey Lamber, Miller County Jail, Jane Deske and Advanced Correctional Health Care.

Plaintiff claims he suffers from emphysema or C.O.P.D., Hepatitis C, viral herpes of the eyeball, seizures and severe back pain. Plaintiff claims that even after repeated requests, he did not receive proper treatment for his medical problems, except his seizures, and he seeks injunctive relief and money damages.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a).

---

[1] It has come to the court's attention that plaintiff has been transferred to Moberly Correctional Center.

The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Because plaintiff has been transferred, his equitable claims against defendants are moot and should be dismissed.  "The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that plaintiff will be wronged again . . . ."  Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)).  Claims for equitable relief generally become moot upon a prisoner's release from custody or his transfer from the institution in which he suffered the conditions of confinement which formed the basis for his equitable claims.  Green v. White, 693 F.2d 45, 46 n.1 (8th Cir. 1982); Wycoff v. Brewer, 572 F.2d 1260, 1262 (8th Cir. 1978).  Plaintiff is no longer incarcerated at Miller County Jail; thus, absent exceptional circumstances not apparent from the record in this cause, plaintiff does not suffer the immediate threat of irreparable harm and his claims for equitable relief have become moot.

In addition, all claims against defendant Whittle should be dismissed.  A supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions.  Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995); Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993); Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990).  Instead, a supervisor can be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to deliberate indifference or tacit authorization of the violation.  Boyd, 47 F.3d at 968; Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990).

Absent an allegation that defendant Whittle knew of plaintiff's problems and refused to take action, or promoted a policy of neglecting an inmate's medical problems, the claims against him cannot survive.  Plaintiff has made no such allegations in this case.

Although plaintiff's remaining allegations may not be sufficient to withstand a motion to dismiss or for summary judgment, they are sufficient, when liberally construed, to allow plaintiff to proceed at this stage.

If plaintiff wants to pursue his damages claims, he must make the payment set forth below.  If he does not want to pursue these claims, he should file a statement asking the court to dismiss all pending claims, without prejudice.

The Prison Litigation Reform Act of 1995 requires inmates to pay the filing fee when bringing a civil case or filing an appeal in forma pauperis. 28 U.S.C. § 1915 (as amended Apr. 26, 1996). The records available to the court indicate plaintiff is capable of making an initial payment of $3.25[2] toward the filing fee. Plaintiff should contact prison officials to have the initial payment processed. In the future, prison officials will withdraw funds from plaintiff's account and forward them to the court, until the filing fee is paid in full. If plaintiff fails to make the initial payment, his claims may be dismissed for failure to comply with court orders. Fed. R. Civ. P. 41(b).

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed. Reply suggestions should be filed within twelve days after the suggestions in opposition are filed. In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions. Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule. Requests for an extension of time should be filed prior to the expiration of the twelve days allowed for a response. Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

IT IS, THEREFORE, ORDERED that plaintiff is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915. It is further

ORDERED that within thirty days, plaintiff make an initial payment of $3.25 toward the $250.00 filing fee. It is further

ORDERED that the clerk of court forward appropriate process forms to plaintiff. It is further

---

[2]The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." The installment payments will be assessed at "20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915 (as amended Apr. 26, 1996). If plaintiff has not signed an authorization for release of inmate account funds, he will need to do so promptly.

ORDERED that within twenty days, plaintiff return the completed summons and service forms showing the addresses where defendants may be served. It is further

ORDERED that upon receipt of the completed forms, the clerk of court deliver the summons and complaint to the United States Marshal for service of process. It is further

ORDERED that the United States Marshal attempt service of process in accord with Fed. R. Civ. P. 4(e)(1), if mail service is attempted, or if mail service cannot be effected, by personal service under Fed. R. Civ. P. 4(e)(2). It is further

ORDERED that defendants answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration. It is further

RECOMMENDED that plaintiff's equitable claims and all claims against defendant Whittle be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted. It is further

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. See L.R. 74.1.

Dated this 15th day of August, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*
WILLIAM A. KNOX
United States Magistrate Judge

4